# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CLYDE C. McGUIRE**          ) | |
|                                                   ) | **CIVIL ACTION .:** |
|     **Plaintiff**                          ) | |
|                                                   ) | |
| **v.**                                        ) | |
|                                                   ) | **Jury Trial Demanded** |
| **BROOKWOOD MEDICAL**   ) | |
| **CENTER HOSPITAL, INC.**  ) | |
|                                                   ) | |
|     **Defendant.**                     ) | |

## COMPLAINT

### I.   INTRODUCTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 (42 U.S.C. 2000e et seq.) and 42 U.S.C. § 1981 to address race discrimination and retaliation in the terms and conditions of employment.

Plaintiff, Clyde McGuire (hereinafter "McGuire" or Plaintiff) alleges that Defendant, Brookwood Medical Center Hospital, Inc. (hereinafter "Brookwood" or "Defendant"), discriminated against him on the basis of his race and then retaliated against him for reporting and opposing employment discrimination. This action seeks equitable and injunctive relief as well as compensatory and punitive damages, and attorneys fees and costs.

## II. JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b).

2. The Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

3. Plaintiff has fulfilled all administrative conditions precedent to the institution of this action. [Ex. A-EEOC Docs.].

4. Plaintiff was issued a Notice of Right-to-Sue, issued by the Equal Employment Opportunity Commission, on January 4, 2017. [Ex. A-EEOC Docs.]. Plaintiff is timely filing his Complaint within 90 days of the issuance of his Notice of Right to Sue. The Plaintiff has fulfilled all conditions for institution of this suit pursuant to 42 U.S.C. § 1981. Plaintiff's claims pursuant to 42 U.S.C. § 1981 do not require administrative exhaustion and are subject to 28 U.S.C. § 1658's four year statute of limitations.

## III. PARTIES

5. Plaintiff, Clyde McGuire, is a black, male citizen of the United States and a resident of the State of Alabama.

6.      Defendant, Brookwood, is an employer under Title VII and 42 U.S.C. § 1981 and was McGuire's employer. Defendant is incorporated and/or does business in the state of Alabama.

## IV.    FACTUAL ALLEGATIONS

7.      On February 1, 2016, McGuire was hired by the Defendant as a Security Officer.  In June 2016, the Security Director Perry Martin [white male] made an inappropriate comment about the Vice President of Mental Health, Zelia Baugh [female] which McGuire shared with Baugh.

8.      Specifically, McGuire shared with Baugh that Martin had stated, "she [Baugh] is a fucking queer." Baugh reported Martin's comments to human resources. Shortly thereafter Martin began to retaliation against McGuire.

9.      On August 1, 2016, Marilyn Coleman [white female] was placed in a supervisory position without the position being posted. McGuire complained that the position should have been posted and that placing Coleman in the position without doing so was discriminatory.  Coleman later stepped down from the position and it was then given to another applicant, Cornelius Parker [black male].

10.     On September 27, 2016, McGuire was issued a disciplinary write-up for being tardy and on October 4, 2016, McGuire was issued a disciplinary write-up for being away from his post.  The October discipline was rescinded after McGuire was

able to show that its basis was untrue.

11.     On December 26, 2016, a nurse cursed McGuire because a patient had managed to smuggle a knife past security.  McGuire reported this nurse's behavior to the shift lead and who stated that he would speak to the nurse's supervisor.  On December 27, 2016, McGuire returned to work and discovered that he had been suspended pending the outcome of an investigation.

12.     On December 29, 2016, McGuire filed a charge of discrimination with the Equal Employment Opportunity Commission.  On January 5, 2017, McGuire was terminated.

13.     Upon information and belief, the Defendant intentionally and with malice or reckless indifference, discriminated against Plaintiff on the basis of Plaintiff's race with respect to pay and other terms, conditions and privileges of employment.

14.     Defendant also retaliated against the Plaintiff for reporting and opposing race discrimination in employment.

## V.  CAUSES OF ACTION

### COUNT I

### RACE DISCRIMINATION IN VIOLATION OF
### 42 U.S.C. § 1981

15.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 above with the same force and effect as if fully set out in specific detail hereinbelow.

16.  Plaintiff has been discriminated against and treated differently than similarly situated white employees because of his race, African-American, in violation 42 U.S.C. § 1981.  This treatment by the Defendant has affected the terms and conditions of Plaintiff's employment.  Specifically, the Plaintiff was denied a promotion to a higher paying position on August 1, 2016.  This position was awarded to an equally or less qualified white individual without being posted for open bid.

17.  This reckless and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to 42 U.S.C. § 1981.

18.  As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

19.  Plaintiff has suffered embarrassment, humiliation, mental distress and

5

emotional pain and anguish as a consequence of the Defendant's racially discriminatory and demeaning and unlawful conduct.

20. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

21. As a result of the Defendant's actions, the Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and loss of enjoyment of life.

22. This reckless, malicious, and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to 42 U.S.C. 1981.

## COUNT II

## RETALIATION IN VIOLATION OF TITLE VII AND 42 U.S.C. § 1981

23. Plaintiff restates and incorporates by reference Paragraphs 1-22 above as part of this Count of the Complaint.

24.     The Defendant retaliated against McGuire because of his opposition to and reporting of discrimination by terminating his employment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. 1981.

25.     McGuire's damages and injuries include, but are not limited to, loss of pay and benefits.  Furthermore, as a result of his retaliatory termination McGuire has suffered mental anguish, humiliation and embarrassment.

26.     The Defendant's retaliatory actions toward McGuire were reckless, malicious and willful and in violation of Plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and 42 U.S.C. 1981.

## VI.     **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Honorable Court assume the jurisdiction of these causes of action and award the Plaintiff the following relief:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant, including the action taken against Plaintiff by the Defendant constitutes discrimination and are violative of Plaintiff's rights as secured by Title VII and 42 U.S.C. § 1981;

2.   Grant Plaintiff a permanent injunction enjoining the Defendant, their agents, successors, employees, attorneys and those acting in concert with the Defendant, and at the Defendant's request, from continuing to violate Plaintiff's rights as well as others who are similarly-situated pursuant to Title VII and 42 U.S.C. § 1981;

3.   Enter an Order awarding Plaintiff damages including back pay, front pay, nominal, compensatory and punitive damages.

4.   Award Plaintiff reasonable costs, attorney's fees and expenses.

5.   Award such other relief and benefits as the cause of justice may require.

**PLAINTIFF HEREBY DEMANDS
A JURY FOR ALL ISSUES TRIABLE BY JURY**

Respectfully submitted,

/s/Roderick T. Cooks
Lee D. Winston
Roderick T. Cooks

**OF COUNSEL:**
WINSTON COOKS, LLC
The Financial Center
505 20th Street North
Suite 815
Birmingham, Alabama 35203
Tel: 205-502-0970
Fax: 205-278-5876
Email: lwinston@winstoncooks.com
Email: rcooks@winstoncooks.com

**PLAINTIFF'S ADDRESS:**
Clyde C. McGuire
c/o Lee D. Winston
Roderick T. Cooks
WINSTON COOKS, LLC
The Financial Center
505 20th Street North
Suite 815
Birmingham, Alabama 35203
Tel: 205-502-0940
Fax: 205-278-5876
Email: lwinston@winstoncooks.com
Email: rcooks@winstoncooks.com

**DEFENDANT'S ADDRESS:**
C T Corporation System
2 North Jackson Street
Suite#605
Montgomery, AL 36104